UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MARK WALTER FOELS and ) | |
| TRACI LEANN FOELS ) | |
| ) | Bankruptcy No. 04-04594 |
| Debtors. ) | |
| _____ ) | |
| MARK WALTER FOELS and ) | |
| TRACI LEANN FOELS ) | |
| ) | Adversary No. 05-9093 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS and ) | |
| LITTON LOAN SERVICING L.P. ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: MOTION TO VACATE DEFAULT**

This matter came before the undersigned on October 4, 2005 on Motion to Vacate Default.  Attorney Richard Boresi represented Debtors Mark and LeAnn Foels.  Attorney Benjamin Hopkins represented Defendant Countrywide Home Loans.  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**STATEMENT OF FACTS**

Debtors filed their Complaint on July 12, 2005, alleging that Countrywide Home Loans and Litton Loan Servicing LP violated the automatic stay by contacting Debtors postpetition.  Debtors have now settled their claims against Litton Loan.  Debtors' certificate of service states a copy of the Complaint was served by mail on Countrywide Home Loans, Legal Department, 400 Countrywide Way SV-46, Simi Valley, CA 93065.  Debtors received a return receipt on this certified mail showing an illegible signature and no date.

With no answer being filed, Debtors moved for Clerk's Entry of Default on August 31, 2005. The Entry of Default was filed on September 2, 2005 and hearing was set to determine the amount of judgment. Countrywide filed its Motion to Vacate Default on September 21, 2005.

## CONCLUSIONS OF LAW

The determination of whether to set aside the entry of default is made under the "good cause shown" standard provided in Rule 55(c). Generally, there is a preference for a determination of disputed issues on the merits, and default judgments are not favored. <u>Marshall v. Boyd</u>, 658 F.2d 552, 554 (8th Cir. 1981). In determining whether to set aside a default, courts typically examine such factors as whether the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. <u>Johnson v. Dayton Electric Manufacturing Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998).

A summons and complaint may be served by mail pursuant to Rule 7004(b). Service upon a corporation is done "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b)(3).

The Court finds that Debtors' attempt to serve Countrywide did not precisely conform with Rule 7004(b). Rather than serve an officer or agent of Countrywide, or its local counsel who represented Countrywide in its motion for relief from stay in the bankruptcy case, Debtors addressed the summons to Countrywide's legal department at what appears to be its home office. Although it is difficult to believe that this service did not give Countrywide notice of the filing of the complaint, it is not in strict conformance with Rule 7004(b).

Based on the undemanding "good cause" standard of Rule 55(c), the Court finds that the clerk's entry of default should be vacated. Countrywide wishes to address this matter on the merits as it alleges that it was not involved with any postpetition contacts with Debtors. Countrywide was prompt in filing its Motion to Vacate after it became aware of the entry of the default.

**WHEREFORE**, the Motion to Vacate Default is GRANTED.

**FURTHER**, the Clerk's Entry of Default is vacated.

**FURTHER**, Countrywide Home Loans shall have 20 days from the date of this order to file an answer or motion responding to the Complaint.

DATED AND ENTERED: October 12, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE