```
                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )   Chapter 7
MARK WALTER FOELS,              )
TRACI LEANN FOELS,              )
                                )
     Debtors.                   )   Bankruptcy No. 04-04594
------------------------------  )
MARK WALTER FOELS               )
TRACI LEANN FOELS,              )
                                )   Adversary No. 05-9093
     Plaintiffs,                )
                                )
vs.                             )
                                )
COUNTRYWIDE HOME LOANS,         )
LITTON LOAN SERVICING LP,       )
                                )
     Defendants.                )
```

**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

On June 23, 2006, the above-captioned matter came on for hearing on a Motion for Summary Judgment filed by Defendant Countrywide Home Loans.  Debtors were represented by Attorney Richard Boresi.  Defendant Countrywide Home Loans was represented by Attorney Ben Hopkins.

**BACKGROUND**

Debtors filed a Chapter 7 petition on November 24, 2004.  A discharge was entered on March 9, 2005.  During the administration of the bankruptcy, Countrywide Home Loans held both a first and second mortgage on property owned by Debtors.  Countrywide transferred the first mortgage to Litton Loan Servicing, L.P. on April 2, 2005, after the case was closed.  The basis of Debtors' complaint relates to certain mortgage statements which were reportedly sent to Debtors on a regular basis.  Each statement contains the assertion that it is for informational purposes only and is not an attempt to collect against Debtors personally.

Based upon these mailings, Debtors assert that Countrywide has violated both the automatic stay during the administration of the case as well as the post-discharge injunction from the entry of the discharge until the present time.  Countrywide asserts

that these contacts could not be expected to have a significant
impact upon a determination by a debtor as to whether to repay.
It argues that these contacts are fair under all the
circumstances and requests summary judgment in its favor as a
matter of law.

**SUMMARY JUDGMENT STANDARDS**

A Motion for Summary Judgment may be granted when there are
no material facts in controversy and the moving party is entitled
to judgment as a matter of law.  Fed. R. Bankr. P. 7056; Fed. R.
Civ. Proc. 56(a).  In considering a Motion for Summary Judgment,
the Court reviews the evidence in the light most favorable to the
non-moving party.  In re Marlar, 267 F.3d 749, 755 (8th Cir.
2001).  The moving party has the burden to show that there is no
genuine issue of material fact.  Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986).

**ANALYSIS**

Countrywide describes, in its brief, the test formulated by
the Bankruptcy Court in the Eastern District of Michigan.  In re
Briggs, 143 B.R. 438, 453 (Bankr. E.D. Mich. 1992).  In that
case, the court set out a two part test establishing a violation
of § 362 if the creditor's act (1) could reasonably be expected
to have a significant impact on the debtor's determination as to
whether to repay, and (2) is contrary to what a reasonable person
would consider to be fair under the circumstances.  Id.  This
test clearly has a subjective component which requires the Court
to evaluate conduct to determine its reasonableness both from a
subjective standpoint as well from the viewpoint of Debtors.

This Court has also addressed this issue and made a
determination as to the extent of rights of undersecured
creditors who retain some rights through post-discharge liens
pursuant to 11 U.S.C. § 506(a).  In re Bandy, 2003 WL 21781995,
*2 (Bankr. N.D. Iowa July 29, 2003).  In that opinion, this Court
noted that undersecured creditors who make post-discharge
contacts with a debtor navigate a very narrow path between
legality and violation of the post-discharge injunction.
Creditors with partially discharged claims may initiate minimal
contact with the debtor to the extent necessary to service the
surviving secured debt.  However, the contact must be minimal,
unobtrusive, polite, and with no greater frequency than a debtor
not in bankruptcy would reasonably expect.  Id.  Again, this
determination requires a finding by the Court as to the
appropriateness of the contacts made applying a subjective test.

2

While Defendant argues that there are no facts in controversy, the Court must evaluate the facts to determine whether or not, under all of the circumstances, the automatic stay or post-discharge injunction has been violated.  It is impossible to evaluate and make this subjective determination based on this record.

For the reasons set out herein, facts remain for determination by this Court from which subjective conclusions must be drawn.  This case is inappropriate for summary judgment at this time.

**WHEREFORE**, Defendants Motion for Partial Summary Judgment is DENIED.

June 28, 2006

Dated and Entered: _

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE